## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| CATLIN SPECIALTY<br>INSURANCE COMPANY | § <br> § <br> § | |
| *Plaintiff,* | § <br> § | CIVIL ACTION NO. 3:10-CV-813 |
| v. | § <br> § | |
| REPUBLIC VANGUARD INSURANCE<br>COMPANY, JOSE L. GARCIA D/B/A<br>JI FRAMING, AND<br>ALEJANDRO MARTINEZ | § <br> § <br> § <br> § <br> § | |
| *Defendants.* | § <br> § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES,** Plaintiff Catlin Specialty Insurance Company f/k/a Wellington Specialty Insurance Company ("Catlin"), complaining of Republic Vanguard Insurance Company ("Republic-Vanguard"), Jose L. Garcia d/b/a JI Framing ("Garcia"), and Alejandro Martinez ("Martinez") and for cause of action show as follows:

### 1.
### Introduction

This action is related to and arises out of the same accident as Cause Number 3:08-CV-738-L, previously adjudicated by the honorable Judge Sam Lindsay. This is an action for declaratory judgment to determine whether Defendant Republic-Vanguard has a duty to defend or indemnify James Ling d/b/a Ranger Enterprises ("**Ranger**") against the claims raised by Alejandro Martinez ("**Martinez**") in a case bearing Cause No. 07-03034 and styled *Alejandro Martinez v. James Ling d/b/a Ranger Enterprises, et al.*, in the 298th Judicial District Court of Dallas County, Texas (the "underlying case").

Republic-Vanguard issued a policy of liability insurance to Jose L. Garcia d/b/a JI Framing ("**Garcia**"), a subcontractor of Ranger. Ranger was contractually required to be named an additional insured in that policy. In addition, the Republic-Vanguard policy contains insured contract coverage, which required Republic-Vanguard to undertake Martinez's obligation to defend and indemnify Ranger pursuant to the indemnity agreement between Garcia and Ranger. Republic-Vanguard has wholly refused to comply with either term of its policy, in breach of its contract. Plaintiff, Catlin, has paid the expense of defending Ranger thus far, in accordance with the Court's ruling in Cause Number 3:08-CV-738-L, *Wellington Specialty Ins. Co. v. James Ling d/b/a Ranger Enterprises, et al.*

In the alternative, Catlin is entitled, as a subrogee to the rights of Ranger, to an award of damages from Garcia for breach of his contract with Ranger to procure insurance coverage Ranger, and to defend and indemnify Ranger.

## 2.
## Parties

Plaintiff Catlin Specialty Insurance Company is a citizen of the state of Delaware, having its been incorporated in the state of Delaware with its principal place of business in Georgia. It is an insurance company authorized to conduct business in the State of Texas.

Defendant Republic-Vanguard Insurance Company is an Arizona insurance company having been incorporated in Arizona with its principal place of business in Arizona. Republic-Vanguard is authorized to do business in Texas. Republic-Vanguard has no registered agent for service in Texas. Republic-Vanguard may served by serving the Texas Commissioner of Insurance.

Defendant Jose L. Garcia is an individual who, on information and belief, is domiciled in Dallas County, Texas who may be served with process at any location where he may be found.

Defendant Alejandro Martinez is an individual who, on information and belief, is domiciled in Dallas County, Texas who may be served with process at any location where he may be found. Martinez has a substantial interest in the declaration sought in this matter. As a practical matter, his interest would be impaired or impeded by an adverse judgment rendered herein.

### 3.
### Jurisdiction

This court has jurisdiction pursuant to 28 U.S.C. §1332, as plaintiff is a Delaware corporation with its principal place of business in the State of Georgia. Defendants are citizen of states other than Delaware and Georgia. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

### 4.
### Ranger-Garcia Contract

On or about January 9, 2006 Ranger and Garcia entered into a subcontract, where by Garcia was to perform framing operations at a Comfort Suites Hotel being constructed by Ranger in Gainsville, Texas, as the general contractor. Pursuant to the terms of this contract, Garcia was required to procure, in addition to other forms of insurance, commercial general liability insurance with a $1,000,000.00 per occurrence limit. Ranger was to be named as additional insured on that policy, and provided with a certificate of insurance evidencing same. The contact also contained an indemnity agreement, whereby Garcia agreed to indemnify Ranger against all claims, including attorneys fees, arising out of Garcia's work under the contract.

**5.**
**Factual Allegations In The Underlying Martinez Petition**

Martinez alleges that he was working on the Comfort Suites Hotel contemplated in the

January 9, 2006 contract when, on March 3, 2006 he was hurt in a work place accident.

Specifically, in his first amended original petition he sets out the following as facts:

> Plaintiff would respectfully show this Court that on or about March 3, 2006, he was an independent contractor working under the supervision and control of Defendant JOSE LUIS GARCIA D/B/A J.I. FRAMING, who was a sub-contractor of Defendant JAMES LING D/B/A RANGER ENTERPRISES ("Ranger").  Plaintiff was NOT an employee, independent contractor or temporary worker of Ranger.

> Pursuant to his employment, Plaintiff was working on the premises, owned by RAJ PATEL D/B/A NORTH TEXAS HOTEL GROUP, INC., located at 1715 N. I-35, Gainesville, Texas, where a Comfort Inn Motel/Suites was being constructed.  While working on the roof of that motel on or about March 3, 2006, Plaintiff sustained serious, painful, and disabling injuries in the course and scope of his employment when he fell over five stories from that roof and hit his head on concrete.  Defendant Garcia had Plaintiff and others work on that roof, even though it was unreasonably dangerous and had been rendered an unreasonably dangerous workplace due to the lack of fall protection, including but not limited to a safety harness, guardrails, safety rails, safety netting, and other fall protection measures.

> Defendant Ranger knew Defendant Garcia did not have fall protection and approved of the work by allowing Defendant Garcia to have work crews on the building.  Defendant Ranger was the general contractor and in control of the premises.

> Plaintiff required immediate, emergency attention for his injuries sustained in this fall, including being air lifted to the hospital, and these injuries have permanently disabled Plaintiff.  Plaintiff has exhausted his administrative remedies.

Martinez alleges causes of action for negligence, negligence *per se*, gross negligence, and malice

against Ranger.

**6.**
**Republic-Vanguard Policy**

Republic-Vanguard issued a policy of general liability insurance to Jose L. Garcia d/b/a JI Framing bearing policy number RGL333653 – 2, bearing effective dates of January 13, 2006 – 2007. This policy is a renewal of policy RGL333653-1. Upon information and belief, this is the general liability policy intended by Garcia to satisfy the insurance requirements of the Ranger-Garcia contract of January 9, 2006 discussed above. Further, the policy provides insured contract coverage for indemnity agreements, such as the indemnity agreement found in the Ranger-Garcia contract. Ranger and Catlin have made demand that Republic-Vanguard assume the defense of Ranger pursuant to the terms of this policy, which has been repeatedly refused by Republic-Vanguard.

**7.**
**Catlin Policy of Insurance**

Catlin Specialty Insurance Company issued a policy of general liability insurance bearing policy number 4200900008 with effective dates of November 8, 2005 – November 8, 2006 to Ranger (the "Policy"). Catlin has been defending Ranger against the allegations raised by Martinez, pursuant to a reservation of rights.

**8.**
**Claims Against Republic-Vanguard**

Republic-Vanguard is obligated to furnish Ranger with a defense in the underlying Martinez lawsuit by sharing the costs of that defense equally with Catlin. Catlin has expended reasonable and necessary attorney's fees defending Ranger against Martinez. Expenses that should be borne equally by Republic-Vanguard. Accordingly, Catlin prays that the Court construe the Catlin and Republic-Vanguard policies, and declare that Republic-Vanguard is

obligated to furnish Ranger with a defense in the underlying lawsuit on an equal basis with Catlin.

In addition, Catlin is entitled to recover from Republic-Vanguard all amounts it pays to settle or satisfy any claims or judgments against Ranger.

On the basis of legal or equitable subrogation or otherwise, Catlin prays for judgment against Ranger for one-half of the amounts expended by Catlin in the defense of Ranger in the underlying lawsuit.

In the alternative, Catlin prays that the Court declare the respective rights and responsibilities of Catlin and Republic-Vanguard under their policies in connection with the underlying lawsuit, apportioning liability and awarding Catlin recovery from Republic-Vanguard for the costs of Ranger's defense as appropriate under the applicable provisions of the policies.

By refusing to defend Ranger in the Martinez case Republic-Vanguard has breached its contract, thereby causing damages to Ranger.

Catlin further prays for its attorney's fees expended in the prosecution of this lawsuit pursuant to the Texas Insurance Code and the provisions of the Texas Civil Practice and Remedies Code implicated by Republic-Vanguard's breach of contract, as well as the recovery of the statutory penalty on of 18 per cent per annum on all fees and costs it has expended in defending Ranger in the Martinez case pursuant to Texas Insurance Code Section 542.001, *et seq.*

### 9.
### Claims Against Garcia

Garcia has failed to fulfill the obligations he undertook in his contract with Ranger to defend and indemnify Ranger against the claims of Martinez. Catlin has paid the defense costs of Ranger and is entitled as Ranger's subrogee to recover these costs from Garcia. In addition, in

the event Catlin pays any amounts in settlement or satisfaction of the claims against Ranger, Catlin is entitled to recovery of same from Garcia.

**10.**
**Reservation Regarding Amendment**

Wellington reserves the right to amend as necessary to add to this action additional claims that may be made against Defendant(s).

**WHEREFORE, PREMISES CONSIDERED,** Catlin Specialty Insurance Company prays for judgment declaring the rights and obligations of the parties, and in particular for a declaration that Republic-Vanguard has a duty to defend and indemnify James Ling d/b/a Ranger Enterprises against the claims of Alejandro Martinez in the underlying action, and for such other and further relief, at law or in equity, to which Catlin may show it is justly entitled.

Respectfully submitted,

John C. Tollefson
State Bar No 20109400
Stephen A. Melendi
State Bar No 24041468
Tollefson Bradley Ball & Mitchell, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
Telephone:    214-665-0100
Facsimile:    214-665-0199
**ATTORNEYS FOR PLAINTIFF,**
**CATLIN SPECIALTY**
**INSURANCE COMPANY**

1013-005/9709